# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of January, two thousand and four.

PRESENT:

    HON. ELLSWORTH VAN GRAAFEILAND,
    HON. ROBERT D. SACK,
    HON. REENA RAGGI,

            Circuit Judges.

---

In re STEVEN M. COOPER,

    Debtor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEVEN M. COOPER,

    Debtor-Appellant,

    - v -                                         No. 03-5008

KAREN CHUDY, formerly known as Karen Cooper,

    Appellee.

---

For Appellant:    STEVEN M. COOPER, <u>pro se</u>, Bethany, CT.

For Appellee:    David C. Pite, Pite & Cushman LLC, New Haven, CT.

[Seal: UNITED STATES COURT OF APPEALS, FILED JAN 27 2004, Roseann B. MacKechnie, CLERK, SECOND CIRCUIT]

Issued as Mandate 5/11/04

Appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment dated December 17, 2002, be, and it hereby is, AFFIRMED.

Steven M. Cooper, pro se, appeals from an order of the United States District Court for the District of Connecticut, affirming an order of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, Judge) holding that a $75,000 award to Karen Chudy, his now ex-wife, in Cooper's divorce decree, labeled "lump sum alimony," was non-dischargeable in bankruptcy.

In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous and reviewing conclusions of law de novo. In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

On appeal, Cooper argues that the bankruptcy court erroneously concluded that the award was intended for Chudy's support, rather than as a division of property. 11 U.S.C. § 523(a)(5) provides that a discharge in bankruptcy does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." We evaluate whether an award constitutes such alimony, maintenance, or support under federal bankruptcy law, In re Brody, 3 F.3d 35, 39 (2d Cir. 1993), as an issue of fact, see Forsdick v. Turgeon, 812 F.2d 801, 802 (2d Cir. 1987). In determining whether an award is in the nature of support, the state court's characterization of the award is not dispositive, but offers persuasive evidence of the intended purpose of the award. Forsdick, 812 F.2d at 802-03. The bankruptcy court was therefore not clearly erroneous in according significant weight to the state court's label of the divorce award to conclude that the award constitutes alimony.

Cooper also contends that the bankruptcy court erred by not considering evidence beyond the four corners of the divorce decree and the record of the divorce proceedings, namely evidence

of a motion for articulation and the state-court appeal of the divorce decree. We disagree. The relevant inquiry is as to the intent of the state court at the time it issued the award. The other evidence identified by Cooper would not aid in this inquiry.

Cooper additionally argues that the bankruptcy court erred by not conducting a trial on the issue before us. A trial on this issue was unnecessary, however, because the only evidence relevant to this inquiry is the divorce decree and the record of the divorce proceedings.

We have considered the other arguments raised by Cooper and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*    Date: 1/27/04

A TRUE COPY
Roseann B. MacKechnie, CLERK
by [signature]
DEPUTY CLERK